IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Brad Foust, #211458,<br><br>     Petitioner,<br><br>vs.<br><br>Collie L. Rushton, Warden of<br>McCormick Correctional Institution;<br>and the State of South Carolina,<br><br>     Respondents. | Civil Action No. 8:04-22652-HFF-BHH<br><br>**REPORT OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner proceeding with the assistance of counsel,[1] seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

## FACTS PRESENTED

The record reveals the petitioner is currently incarcerated in the McCormick Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court of Florence County. A Florence County grand jury returned a true-billed indictment during a July/August 1994 term of general sessions against the petitioner charging him with burglary, first degree, assault and battery with intent to kill (ABIK), and possession of a knife during the commission of a crime of violence (94-GS-21

---

[1] The petitioner filed this action *pro se*, but subsequently retained counsel.

-832). Attorney Robert Fowler represented the petitioner on the charges. A jury trial was held November 7-8, 1994, before the Honorable Ralph K. Anderson, Circuit Court Judge. The jury convicted the petitioner as charged, and the judge sentenced him to 30 years imprisonment for the burglary conviction; five years for the weapon charge, consecutive; and 20 years for ABIK, concurrent.[2] The petitioner filed a notice of intent to appeal.

Robert M. Pachak. Assistant Appellant Defender of the South Carolina Office of Appellate Defense, represented the petitioner on appeal. Appellate counsel originally filed an *Anders*[3] brief and a petition to be relieved as counsel, in the Supreme Court of South Carolina on September 21, 1995. On March 8, 1996, the court denied the petition to be relieved and directed the parties to re-brief the *Anders* issue. On March 28, 1996, appellate counsel submitted a final brief that presented the following issue:

> Whether the trial court erred in refusing to instruct the jury that they had to find a specific intent to kill in order to convict one of assault and battery with intent to kill?

The State filed a final brief in response on April 23, 1996. The Supreme Court of South Carolina affirmed the conviction on December 2, 1996.

The petitioner retained attorney Tara Dawn Shurling to represent him in a post-conviction relief ("PCR") action. PCR counsel filed an application for post-conviction relief on August 18, 1997, and raised the following allegations for relief:

(a)   Ineffective Assistance of Counsel:

    (1)   Counsel failed to adequately investigate my case;

    (2)   Counsel failed to develop potential defenses;

---

[2] On November 10, 1994, the petitioner pled guilty under negotiated terms to burglary second degree and grand larceny on another outstanding indictment. The sentences were ordered to run concurrent with the sentences from the instant conviction. That plea is not a part of this habeas action.

[3] *Anders v. California*, 386 U.S. 738 (1967).

2

>> (3) Counsel failed to make appropriate motions and objections;
>
> (b) Ineffective Assistance of Counsel on Appeal
>
>> The South Carolina Office of Appellate Defense neglected to perfect certain meritorious issues on appeal.

The State made its return on February 8, 1998. PCR counsel filed an amendment to the application on February 16, 2000, and added the following allegation, regarding a plea taken after the November 1994 trial:

> (c) Trial counsel failed to fully explain the applicable law in the Applicant's case. Counsel did not adequately advise me of the consequences of my pleas.
>
>> The Applicant did not fully understand the nature of the charges against him and was not fully advised of the consequences of his pleas The Applicant was coerced into pleading guilty due to his conviction in Florence County days earlier on similar charges at a trial in which he received ineffective assistance of counsel.

An evidentiary hearing on the allegations was held December 13, 2001, before the Honorable B. Hicks Harwell, Circuit Court Judge. At the beginning of the hearing, PCR counsel apparently defined the only issues to be presented as follows:

> (1) Trial counsel neglected to clarify the record in regard to the date of appointment discussed in the motion for a continuance;
>
> (2) Trial counsel was ineffective in failing to object to a line of testimony from Mark Lewis of the Darlington County Sheriff's Department that could have inferred criminal activity in Darlington County not related to this case;
>
> (3) Trial counsel was ineffective in failing to make an adequate proffer on whether a letter written by Petitioner should be excluded under the priest/penitent privilege when the addressee was a voodoo priest. Trial counsel was ineffective in failing to request that Petitioner be examined in camera on the admissibility of the statement, and for failing to present other testimony in the form of a proffer from the applicant's mother

3

and from the voodoo priest which would have substantially strengthened the defense's argument concerning the admissibility of the statement;

(4) Trial counsel failed to move for a curative charge or move to strike in regard to the judge's question of whether anyone from the defense looked at the exhibits when Petitioner had no burden or responsibility in regard to the state's exhibits;

(5) Trial counsel failed to object to a defective charge in regard to the necessary intent for assault and battery with intent to kill.

The judge denied relief by written order dated March 4, 2002. PCR counsel filed a motion to reconsider. On April 22, 2002, the judge issued an amendment to the order of dismissal. The petitioner appealed.

Ms. Shurling continued to represent the petitioner on appeal. On May 15, 2003, PCR counsel filed a petition for writ of certiorari in the Supreme Court of South Carolina, and raised the following issues:

(1) Was defense counsel ineffective for failing to make the necessary showing for exclusion of a privileged communication introduced as evidence of guilt?

(2) Was defense counsel ineffective in failing to object to a jury charge that improperly charged the elements of assault and battery of a high and aggravated nature?

(3) Was defense counsel ineffective in failing to adequately argue the Petitioner's request for a continuance in order to hire private counsel?

(4) Did the lower court err in ruling that the Petitioner's guilty pleas were voluntarily entered where the Petitioner has proved that defense counsel was ineffective at the earlier trial of a separate indictment and that the Petitioner had no expectation of effective assistance at a second trial?

The State made its return on August 18, 2003. The Supreme Court of South Carolina denied the petition on March 18, 2004, and issued the remittitur on April 6, 2004.

4

The *Houston v. Lack*, 487 U.S. 266 (1988), delivery date of the instant petition is October 17, 2004. *See* 11/4/04 order at 1 n.2. In his federal habeas corpus petition, the petitioner raises the following challenges to his conviction (verbatim):

(1)   Ineffective Assistance of Trial Counsel;

Supporting Facts: The Petitioner was denied Assistance of Counsel to confront and cross-examine witnesses, file any motions to suppress evidence at a critical stage which was his Arraignment and preliminary hearing due to unconstitutional procedures held to be acceptable by this State. Also, the Petitioner under this procedure was denied his fundamental rights to act as his own counsel, confront witnesses, and to plead not guilty and put the State to its burden of proof as required by state and federal law on his crimes;

(2)   Ineffective Assistance of Trial Counsel;

Supporting Facts: The Petitioner was denied his rights to the effective assistance of counsel where his counsel failed to research the relevent laws applicable to his crimes and right to a bond and preliminary hearing before a Magistrate which prejudiced the Petitioner, furthermore, Counsel failed to raise the same or that trial court due to this procedural error would lack jurisdiction to impose Petitioner's sentence or that Petitioner's warrants and indictments were as a matter of Constitutional and statutory law defective and nullities and his sentence the court rendered would subject Petitioner to cruel and unusual punishment;

(3)   Ineffective Assistance of Appellate Counsel;

Supporting Facts: That in view of the facts and law that Appellate counsel was ineffective during Direct Appeal and Appeal to the Supreme Court where the facts and law were reasonably available to both Appellate Counsel's [sic], however was not brought to the attention of the Court of Appeals nor Supreme Court of South Carolina and if not for this error, and in light of the issue and facts and law the outcome would have been different and Petitioner's convictions and sentences would have been vacated in the interest of justice possibly with prejudice considering his rights upon a lawful trial, conviction and sentence in accordance with state and federal law:

(4)   Lack of subject matter jurisdiction and lack of jurisdiction to impose sentences;

5

<u>Supporting Facts</u>: Grounds (A), (B) & (C).

On December 22, 2004, the respondents filed a motion for summary judgment. By order of this court filed January 6, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary dismissal procedure and the possible consequences if he failed to respond adequately. On March 8, 2005, John H. Blume filed a notice of appearance as counsel for the petitioner. On April 1, 2005, Mr. Blume filed the petitioner's opposition to the respondents' motion for summary judgment.[4] The respondents filed a response on April 8, 2005, to which Mr. Blume filed a reply on April 14, 2005.

## APPLICABLE LAW

Title 28, United States Code, Section 2254(d) and (e), provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[4]The petitioner's brief is 56 pages long, including 20 pages of instruction to the court on "the methodology to be employed when deciding habeas corpus petitions pursuant to amended § 2254" (pet. brief at 2). Counsel is referred to Local Civil Rule 7.05(B), which provides in pertinent part: "Unless an exception is granted by the Court, no memorandum shall exceed . . . 35 double-spaced pages, in the case of an initial brief of any party." Local Civil Rule 7.05(B) DSC. The petitioner did not seek an exception to this rule. However, in the interest of judicial economy, the court will consider the petitioner's memorandum and will not require the petitioner to submit a revised brief in compliance with the local rule.

6

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Title 28, U.S.C., Section 2244(d) provides:

> (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## ANALYSIS

### *Statute of Limitations*

The respondents have filed a motion for summary judgment alleging the petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and

7

Effective Death Penalty Act (AEDPA). As set forth above, the one-year period generally runs from the date on which the state criminal judgment became final. See 28 U.S.C. §2244(d)(1)(A).

The petitioner was convicted by a jury and was sentenced on November 8, 1994. The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). The petitioner had 10 days following his sentencing in which to serve a notice of appeal, S.C.A.C.R. 203 (b)(2)[5], which he did. The Supreme Court of South Carolina issued its opinion affirming the conviction on December 2, 1996. The petitioner was entitled to seek certiorari from the United States Supreme Court, and, even though he did not do so, he is given the benefit of the 90 day period in which he could have sought certiorari. *Harris v. Hutchinson*, 209 F.3d 325, 327-28 (4th Cir. 2000). Accordingly, his direct appeal became final on March 2, 1997.

## Statutory Tolling

Because his judgment became final after the effective date of the AEDPA, the petitioner had one year from March 2, 1997, in which to file his petition (pet. brief at 23; resp. brief at 8). See *Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000). However, the petitioner is entitled to have the limitations period tolled for any properly filed state PCR application. 28 U.S.C. §2244(d)(2).

---

[5]Rule 203. Notice of Appeal
(a) Notice. A party intending to appeal must serve and file a notice of appeal and otherwise comply with these Rules. Service and filing are defined by Rule 233.
(b) Time for service.
\*\*\*
(2) Appeals From the Court of General Sessions. After a plea or trial resulting in conviction or a proceeding resulting in revocation of probation, a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed.
S.C.A.C.R. 203(b)(2)).

The petitioner's state PCR action was filed on August 18, 1997 (Tr. 429-34). At that point, 169 days of time not tolled by the statute had lapsed (pet. brief at 24; resp. brief at 9). The respondents argue that the state PCR action concluded on March 18, 2004, when the Supreme Court of South Carolina entered an order denying the petition for writ of certiorari. See Wilson v. Battles, 302 F.3d 745, 748 (7th Cir. 2002) (state petition not considered pending after denial of petition for leave to appeal in state supreme court). The petitioner argues that the statute of limitations is statutorily tolled during the time he "could have requested rehearing in the state supreme court following the denial of his [PCR] application" (pet. brief at 24). Under South Carolina Rule of Appellate Practice 221, the request for rehearing must be received by the appellate court no later than 15 days after the filing of the order. Accordingly, the petitioner argues that the limitations period should be tolled for this 15 day period.

As noted by the respondents, the statute clearly states that only the time when a properly filed request for state relief is pending shall be tolled. See 28 U.S.C. 2244(d)(2). As the petitioner failed to file a request for a rehearing, there was nothing pending in his state action. The petitioner argues that the case of Crawley v. Catoe, 257 F.3d 395, 398 (4th Cir. 2001), cert. denied sub nom., Crawley v. Maynard, 122 S.Ct. 811 (2002) supports his position. In Crawley, the petitioner did file the necessary documents to request rehearing before the South Carolina Supreme Court. The Fourth Circuit Court of Appeals specifically agreed with the Tenth Circuit's definition of "pending" stating, "[T]he term 'pending' in § 2244(d)(2) must be construed to encompass all of the time during which a state prisoner is attempting, *through proper use of state court procedures*, to exhaust *state court remedies* with regard to a particular post conviction application." Id. at 400 (quoting Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999), cert. denied, 528 U.S. 1084 (2000)) (italics in original) (internal quotations omitted). As noted by the respondents, if a petitioner fails to pursue state PCR relief within the one year limit, he is not entitled to tolling for the

9

time in which he could have filed under state law. Under the logic of *Crawley*, the petitioner's state action was no longer pending once the Supreme Court of South Carolina denied the petition for writ of certiorari.

The petitioner also argues that the situation is "analogous to the determination that the statute of limitations does not commence until the time for filing a petition for writ of certiorari in the United States Supreme Court expires" (pet. brief at 25). As discussed above, even though the petitioner did not seek certiorari from the United States Supreme Court on his direct appeal, he is given the benefit of the 90 day period in which he could have sought certiorari. However, the time for filing in the United States Supreme Court begins on entry of judgment or order and is only extended if there is a timely filed petition for rehearing. There is no provision for the 90 day period to begin after lapse of the time during which a petition for rehearing could be, but was not, filed (resp. reply at 3). Accordingly, the petitioner's argument fails.

The petitioner also contends that the failure to toll the time during which rehaing could be sought presents an inequity that the court should equalize in the interests of justice (pet. brief at 25). The petitioner contends that failing to toll the statute of limitations for the time during which rehearing could be sought results in two individuals in similar circumstances (one who does file for rehearing and one who does not) being treated differently (pet. brief at 25). The respondents counter that the choice of process remains with the petitioner, and there is no unfairness in allowing a petitioner the choice of how to present his case or pursue relief (resp. brief at 2).  This court agrees.

The petitioner next contends that the statute of limitations is also statutorily tolled during the 90 days allowed to petition for a writ of certiorari to the United States Supreme Court following the denial of his PCR application (pet. brief at 25-30). As noted above, the petitioner did not file a petition for a writ of certiorari seeking United States Supreme Court review following the South Carolina Supreme Court's denial of certiorari.

10

The petitioner acknowledges that there is a split among the circuits regarding this issue (pet. brief 25-26). The petitioner urges this court to follow the Sixth Circuit Court of Appeals' "compelling" rationale finding that "the statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application independent of whether the petitioner actually petitions the Supreme Court to review the case." *Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003) (*en banc*), *cert. denied sub nom., Caruso v. Abela*, 124 S.Ct. 2388 (2004).

Section 2244(d) makes a clear distinction between direct appeal review and collateral issues. The statute states that completion of direct appeal review is not limited to state actions, while PCR and other collateral review is specifically narrowed and limited to state actions. *See* 28 U.S.C. § 2244(d)(1)(A), (2); *Crawley*, 257 F.3d at 400. Furthermore, in *Crawley*, the Fourth Circuit Court of Appeals held "that the time the petition for certiorari, which sought review of the adverse decision in the state habeas proceeding, was pending in the United States Supreme Court did not toll the one-year limitations of § 2244(d)(1)." *Crawley*, 257 F.3d at 401. In its analysis, the court stated:

> While this appeal poses a question of first impression in this Circuit, several other circuits have considered and rejected similar arguments. In *Rhine v. Boone*, 182 F.3d 1153 (10th Cir.1999), the Tenth Circuit concluded, on these same facts, that the one-year limitations period was not tolled during the period that a petition for writ of certiorari to review denial of state habeas corpus relief was pending before the United States Supreme Court. Other courts have considered a similar argument to that raised by Crawley on a slightly different factual basis. In those cases, a habeas corpus petitioner who never filed a petition for writ of certiorari to the United States Supreme Court to review his state habeas corpus application argued that the statute of limitations was tolled during the 90-day period in which such a petition timely could have been filed. The Seventh Circuit rejected a tolling argument in this context on the ground that, where no petition for writ of certiorari has been filed, there was neither a "properly filed" nor a "pending" application for

11

> other collateral review within the meaning of 28 U.S.C. § 2244(d)(2). *Gutierrez v. Schomig*, 233 F.3d 490 (7th Cir.2000).
>
> * * *
>
> All of the courts of appeal[6] considering the question have come to a like conclusion. Following the denial of relief in the state courts in state habeas proceedings, *neither the time for filing a petition for certiorari in the United States Supreme Court*, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled under 28 U.S.C. § 2244(d)(2) from the one-year statute of limitations under § 2244(d)(1).

*Id.* at 398-99 (emphasis added). As argued by the respondents, "Logically, if the actual filing of the petition does not provide a basis for the tolling, the time for filling certainly does not provide a basis for tolling" (resp. reply at 4).

Based upon the Fourth Circuit precedent discussed above, it is clear that the statute of limitations is not tolled during the 90 days allowed to petition for a writ of certiorari to the United States Supreme Court following the denial of a state PCR application. The "'proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run.'" *Pearson v. North Carolina*, 130 F.Supp.2d 742, 744 (W.D.N.C. 2001) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2nd Cir. 2000). Because 169 days of the one-year time limit had already elapsed prior to the filing of the state PCR action (between March 2, 1997, and August 18, 1997), the petitioner was left with 196 days to file this habeas action. The *Houston v. Lack*, 487 U.S. 266 (1988), delivery date of the instant petition is October 17, 2004. *See* 11/4/04 order at 1 n.2. Between the date of the denial of certiorari (March 18, 2004) and the delivery date of the federal petition (October 17, 2004), 213 more days passed, for a total of 382 days, resulting in the petition being 17 days late. Accordingly, even if the petitioner was given the benefit

---

[6]*Crawley* was decided prior to the Sixth Circuit Court of Appeal's decision in the case relied upon by the petitioner, *Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003).

12

of the 15 days during which he could have requested rehearing in the state supreme court following the denial of his PCR application, an argument rejected by this court as set forth above, the instant petition would still be two days late.

### Equitable Tolling

The petitioner next argues that he is entitled to equitable tolling of the statute of limitations. In *Harris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir. 2000), the Fourth Circuit Court of Appeals described the analysis of a claim of equitable tolling as follows:

> "As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999). The doctrine has been applied in "two generally distinct kinds of situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir.1996) (citation omitted). But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Id.* at 330. The court went on to find:

> Harris argues that equitable considerations justify tolling in his case because the missed deadline was the result of an innocent misreading of the statutory provision by his counsel. While we agree that the mistake by Harris' counsel appears to have been innocent, we cannot say that the lawyer's mistake in interpreting a statutory provision constitutes that "extraordinary circumstance" external to Harris that would justify equitable tolling. See *Taliani*, 189 F.3d at 598 (holding that a lawyer's

> miscalculation of a limitations period is not a valid basis for equitable tolling); *see also Sandvik*, 177 F.3d at 1272 (refusing to toll the limitations period where the prisoner's delay was assertedly the result of a lawyer's decision to mail the petition by ordinary mail rather than to use some form of expedited delivery); *Fisher*, 174 F.3d at 714-15 (refusing to toll limitation where access to legal materials that would have given notice of the limitations period was delayed); *Miller v. Marr*, 141 F.3d at 978 (same); *Gilbert v. Secretary of Health and Human Services*, 51 F.3d 254, 257 (Fed.Cir.1995) (holding that a lawyer's mistake is not a valid basis for equitable tolling); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (refusing to apply equitable tolling where the delay in filing was the result of a plaintiff's unfamiliarity with the legal process or his lack of legal representation).

*Id.* at 330-31.

In this case, the petitioner argues that "rare and extraordinary circumstances exist in [his] case" (pet. brief at 30). There is no allegation that the State of South Carolina contributed in any way to the petitioner's delay in filing. Specifically, the petitioner alleges as follows:

> Petitioner's counsel failed to advise him that his petition for a writ of certiorari following the denial of his application for post-conviction relief was denied for two months. On March 18, 2004, the South Carolina Supreme Court denied the petition for a writ of certiorari. However, petitioner's counsel did not provide him notice of this denial until sixty-seven days later. In a letter dated May 25, 2004, petitioner's post-conviction relief counsel states: "In reviewing your file today, I was concerned that I did not see a record of your having sent the Supreme Court's Order in your case which was issued in March of this year. If you were not sent a copy of the Supreme Court's Order, I apologize." *See* Exhibit A. Such admitted gross negligence constitutes rare circumstances sufficient for equitable tolling.

(Pet. brief at 30).

In *Rouse v. Lee*, 339 F.3d 238, 257 (4th Cir. 2003), *cert. denied*, 541 U.S. 905 (2004), the Fourth Circuit Court of Appeals held that because the petitioner, who had been sentenced to death and filed his federal habeas petition one day late, had not shown that extraordinary circumstances beyond his control prevented him from timely filing his federal

14

habeas petition, equitable tolling should not apply. In so deciding, the court stated, "Former counsel's errors are attributable to [the petitioner] not because he participated in, ratified, or condoned their decisions, but because they were his agents, and their actions were attributable to him under standard principles of agency." *Id.* at 249. The court further noted that as there is no constitutional right to counsel in collateral proceedings, any failure attributed to collateral counsel is necessarily attributable to the petitioner. *Id.* at 250.

Here, the petitioner's PCR counsel notified him of the South Carolina Supreme Court's decision 67 days after the order was issued. As in *Rouse* and *Harris*, the attorney's delay is attributable to the petitioner. Further, the petitioner still had approximately 129 days (365 days less 169 days already elapsed prior to filing PCR less 67 days) after he found out his appeal had concluded in which to timely file his federal petition.

The petitioner acknowledges that the Fourth Circuit Court of Appeals has held that "a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding." *Harris*, 209 F.3d at 331. Nonetheless, the petitioner argues that there are "a number of decisions support petitioner's contention that here, counsel's negligence warrants equitable tolling" (pet. brief at 31) (citing *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (*per curiam*) *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000)). However, the cases cited by the petitioner are from other circuits and thus are not controlling, and, furthermore, they are distinguishable. In *Phillips*, the petitioner claimed that he did not receive notice until after the period in which he could have timely filed elapsed. *Phillips*, 216 F.3d at 511. The petitioner in the instant case still had ample time in which to timely file after he was notified by his attorney of the court's decision. Based upon the foregoing, this court finds that the petitioner is not entitled to equitable tolling.

## **CONCLUSION AND RECOMMENDATION**

As the federal petition was 17 days late and being "mindful that Congress enacted §2244(d) 'with the ... purpose of curbing the abuse of the statutory writ of habeas corpus,'" *Allen v. Mitchell*, 276 F.3d 183, 186 (4th Cir. 2001) (quoting *Crawley*, 257 F.3d at 400), this court concludes that the petition in this case was untimely filed, even when properly tolled.[7] Further, even if the petitioner is given the benefit of the 15 days during which he could have requested rehearing in the state supreme court following the denial of his PCR application, the instant petition would still be two days late. Wherefore, based upon the foregoing, it is recommended that the petition for habeas corpus relief be denied and that the respondents' motion for summary judgment be granted.[8] *See Rouse*, 339 F.3d at 257 (affirming dismissal of petition filed one day late).

s/Bruce H. Hendricks
United States Magistrate Judge

August 9, 2005

Greenville, South Carolina

---

[7] The recent decision of the Fourth Circuit Court of Appeals in *Frasch v. Peguese*, No. 04-6902, 2005 WL1579790 (4th Cir. July 7, 2005), is inapposite on the facts.

[8] As this court has recommended dismissal based on statute of limitations, the respondents' other grounds for dismissal will not be addressed.

# Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
# &
# The **Serious Consequences** of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. *** This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. *** We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. *** A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**