

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| BRAD FOUST, | § |
| | § |
| Petitioner, | § |
| | § |
| vs. | § CIVIL ACTION NO.  8:04-22652-HFF-BHH |
| | § |
| COLLIE L.  RUSHTON, Warden of | § |
| McCormick Corectional Institution; and | § |
| THE STATE OF SOUTH CAROLINA, | § |
| | § |
| Respondents. | § |

ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE
JUDGE, DENYING PETITIONER'S APPLICATION, AND GRANTING RESPONDENTS'
MOTION FOR SUMMARY JUDGMENT

**I.     INTRODUCTION**

This case was filed as a Section 2254 action.  Petitioner is proceeding with the assistance of excellent counsel.  The matter is before the Court for review of the United States Magistrate Judge's report and  recommendation (report) in which she suggests that Petitioner's application be denied and that Respondents' motion for summary judgment be granted.[1]  The report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 DSC.

---

[1] The reader is directed to the report for a recitation of the relevant factual history.

## II. THE REPORT

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Matthews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The Magistrate filed the report on August 9, 2005. Petitioner filed his objections on August 22, 2005.

## III. OBJECTIONS

As already noted, the Court is required to "make a de novo determination of those portions of the [magistrate's] proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Specific objections are necessary to focus the Court's attention on disputed issues. *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985). Because general objections do not direct the Court's attention to any specific portions of the report, general objections to the Magistrate Judge's report are tantamount to a failure to object. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (*de novo* review not required where objections are general and conclusory). A failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir.1985).

Petitioner makes three objections to the report: 1) Petitioner objects to the Magistrate Judge's failure to statutorily toll the statute of limitations during the time that Petitioner could have requested a rehearing in the state post-conviction relief (PCR) process; 2) Petitioner objects to the Magistrate

Judge's failure to statutorily toll the limitations period during the ninety (90) days allowed to petition the United States Supreme Court following the denial of Petitioner's PCR application; and 3) Petitioner objects to the Magistrate Judge's failure to equitably toll the limitations period.

In these objections, Petitioner generally reargues his case. The Magistrate Judge has already considered each of those arguments, however, and found them to be without merit. Nevertheless, in the interest of justice, as well as in an abundance of caution, the Court has made a *de novo* review of the issues raised in Petitioner's objections, but it, too, finds them to be without merit. Since the Court agrees with the comprehensive and well-reasoned report by the Magistrate Judge, it declines to address the arguments a second time here.

### IV.   CONCLUSION

Therefore, after a thorough review of the report and the objections pursuant to the standard set forth above, the Court overrules Petitioner's objections, adopts the report and incorporates it herein. Accordingly it is the judgment of this Court that Petitioner's application be **DENIED** and that Respondents' motion for summary judgment be **GRANTED**.

**IT IS SO ORDERED.**

Signed this 7th day of September, 2005, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****

### NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has a right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.